IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Joseph M. Sader, | ) | PER CURIAM DECISION |
| | ) | |
| Petitioner and Appellant, | ) | Case No. 20120651-CA |
| | ) | |
| v. | ) | |
| | ) | F I L E D |
| Tiffany A. Bright, | ) | (November 1, 2012) |
| | ) | |
| Respondent and Appellee. | ) | 2012 UT App 314 |
| _____ | ) | |
| | ) | |
| State of Utah Office of Recovery | ) | |
| Services, | ) | |
| | ) | |
| Intervenor. | ) | |

-----

Third District, Salt Lake Department, 114904834
The Honorable Tyrone E. Medley

Attorneys:     Joseph M. Sader, Sour Lake, Texas, Appellant Pro Se
               Tiffany A. Bright, Washington, Appellee Pro Se
               Mark L. Shurtleff and Bridget K. Romano, Salt Lake City, Intervenor

-----

Before Judges Orme, Thorne, and Roth.

¶1     Joseph M. Sader appeals the dismissal of his amended verified petition for parentage. This case is before this court on a sua sponte motion for summary disposition. We affirm.

¶2      Sader's docketing statement does not state any issue addressing the substance of the order of dismissal or the motion to dismiss filed by the Office of Recovery Services after its intervention in the underlying case. Instead, Sader states that he was prevented from attending a hearing on the motion to dismiss because he was incarcerated. Sader did not file a response to the sua sponte motion. In lieu of a response, Sader filed a "motion to reschedule hearing," which sought a new hearing on the motion to dismiss based upon alleged facts that were not presented to the district court in the underlying case. "Under ordinary circumstances, we will not consider an issue brought for the first time on appeal unless the trial court committed plain error or exceptional circumstances exist." *RJW Media, Inc. v. CIT Grp./Consumer Fin., Inc*, 2008 UT App 476, ¶ 24 n.3, 202 P.3d 291 (internal quotation marks omitted). Furthermore, Sader did not file a response to the substance of the motion to dismiss his petition in the district court and instead argued only that the motion to dismiss should be denied because it contained a typographical error in stating the filing date for his petition. Sader has not demonstrated that the district court erred in granting the motion to dismiss his petition and setting aside the order for new genetic testing.

¶3      Accordingly, we affirm the order dismissing Sader's petition and setting aside the order for genetic testing. We also deny Sader's motion to reschedule the hearing.


_____
Gregory K. Orme, Judge



_____
William A. Thorne Jr., Judge



_____
Stephen L. Roth, Judge